JOHN SEIBERT *et al.*

*v.*

ISADORE BACH *et al.*

1.  VARIANCE BETWEEN PROOF AND DECLARATION.   Where the first count in a declaration averred that the plaintiffs bought of the defendants three thousand pounds of wool, at seventy-eight cents per pound, and the second, that the defendants had in their factory a large quantity of wool supposed to be three thousand pounds, and that the plaintiffs bought the same at seventy-eight cents per pound, and the proof was, that the defendants did not agree to sell plaintiffs any particular quantity of wool, nor all the wool in their factory, but only what they could spare, reserving enough to supply their own wants: *Held*, there was a fatal variance between the contract proved and that laid.

2.  INSTRUCTION — *should have required proof of contract as declared upon.*   In this state of the pleadings it was error in the court to instruct the jury that the plaintiffs were entitled to recover, on proof merely that they had "bought wool" of the defendants, which the latter had refused to deliver.   It was necessary for the jury also to find that the plaintiffs had purchased under such a contract as they had declared upon, that is, a quantity definite either from its weight or locality, and not dependent upon a contingency.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit brought at the August term, 1864, by the appellees against the appellants, to recover damages for failure to deliver a certain quantity of wool which the appellees claimed to have bought of the appellants at a certain price per pound.   Judgment for the plaintiff below, for $122. The case in this court turned wholly upon a variance between

the proof and the declaration, which appears in the opinion of the court.

Mr. R. S. NELSON, for the Appellants.

Mr. P. E. HOSMER, for the Appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The first count in the declaration in this case avers, that the plaintiffs below bought of the defendants below, three thousand pounds of wool, at seventy-eight cents per pound, and that the said defendants, on demand, etc., refused to deliver. The second count avers, that the defendants below had on hand in their factory a large quantity of wool, supposed to be three thousand pounds, and that the plaintiffs bought the same at seventy-eight cents per pound, and that the defendants, on demand, etc., refused to deliver. The third count is substantially like the first. These were all the special counts. There was a verdict for the plaintiffs below, for damages.

There was but one witness who testified in regard to the contract. He swears that the defendants did not agree to sell the plaintiffs any particular quantity of wool, nor all the wool they had on hand in the factory, but only what they could spare, reserving enough to supply their own wants. There was then a palpable variance between the contract as laid, and the contract as proved, of which the defendants sought to avail themselves by asking an instruction from the court that the plaintiffs must prove that they bought of the defendants "some certain quantity of wool at a certain price." The court refused the instruction, but, on motion of the plaintiffs, instructed the jury as follows: "If the jury believe, from the evidence, that the plaintiffs bought wool of the defendants, at 78 cents per pound, at Ashley, and that they failed and refused to deliver said wool according to their contract, the plaintiffs have a right to recover the difference between the price to be paid and the value of the wool at the time it was demanded." This instruction was excepted to by the defendants. It was wrong, inasmuch

as it directed the jury to find for the plaintiffs in the event that the latter had "bought wool" of the defendants, without reference to the question whether the wool was bought in conformity with the contract laid in the declaration — that is, a definite amount at a definite price. It was necessary to prove the purchase of a quantity either definite from its weight, as averred in the first count, or from its locality, as averred in the second. Under the contract proven, the amount purchased was to depend on a contingency.

There was also a motion by the defendants for a new trial. The motion should have been allowed, as the variance between the contract laid and the contract proved was clearly fatal. The declaration averred the sale of 3,000 pounds, or of what was in the factory, and the proof showed substantially a sale of what the defendants could spare, after reserving enough to supply their own wants. See *Davidson* v. *Johnson*, 31 Ill. 524.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*